IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-089-RJC-DCK

| | |
|---|---|
| MARIANO OSPINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| LINO J. PIEDRA, and GRIESINGER ) | |
| ASSOCIATES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Lino J. Piedra's Motion To Dismiss" (Document No. 48). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied without prejudice in part and granted in part.

## I. BACKGROUND

The factual background of this case is described in detail in the undersigned's February 11, 2021 Memorandum And Recommendation (Document No. 26). In summary, Plaintiff filed a "Complaint" (Document No. 1) against Defendants Lino J. Piedra ("Piedra") and Griesinger Associates, Inc. ("Griesinger") (collectively, "Defendants") on February 12, 2020. The lawsuit arose out of Plaintiff's allegations that Defendants violated the terms of an "Engagement Letter" (Document No. 1-1, p. 2), which Plaintiff alleges provided for Defendants to carry out "the sale of the Ospina Coffee brand [held by Plaintiff] at" an auction house in Paris, France. (Document No. 51, p. 7). Plaintiff alleges that a few months after he and Defendants had signed the Engagement Letter and Plaintiff had paid Defendants a $10,000 retainer fee, Defendants indicated that the sale

of the brand could not be completed because "the law in France prohibited the sale alone of intangible assets (brands, intellectual property or trademarks) at auction in France, and that in order to move forward [] real assets [such as a corporate entity] needed to be attached." Id. at p. 5. Plaintiff alleges that the failure of Defendants to carry out the terms of the Engagement Letter (that is, the sale of Plaintiff's coffee brand at auction) exactly as promised constituted a violation of the terms of such agreement. Id. The present lawsuit followed when Defendants refused to refund the $10,000 retainer fee. Id. at pp. 5-6.

The Complaint asserts the following claims against both Piedra and Griesinger: (1) Breach of Contract; (2) Injunctive Relief; (3) Violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDPTA"), N.C. Gen. Stat. § 75-1.1; (4) Civil Conspiracy; (5) Fraud; (6) Unjust Enrichment; and (7) Punitive Damages. (Document No. 1, pp. 8-10).

Some explanation of the procedural history in this case is warranted. On September 28, 2020, Defendant Griesinger Associates, Inc. filed a "…Motion To Dismiss" (Document No. 15). Notably, at that time, Defendant Piedra had not been properly served with the Complaint, and thus, the "Memorandum Of Law In Support Of Defendant Griesinger Associates Inc.'s Motion To Dismiss Complaint" (Document No. 16) indicated, "Defendant Lino J. Piedra has not joined in this Motion only because he has not been served with civil process in accordance with Rule 4 of the Federal Rules of Civil Procedure [but] [e]ach of the arguments advanced in this Motion applies equally to Mr. Piedra." (Document No. 16, p. 1). On February 11, 2021, the undersigned issued a "Memorandum And Recommendation And Order" (Document No. 26), which relevantly recommended that as to Defendant Griesinger, Griesinger's Motion to Dismiss be denied without prejudice in part as to the breach of contract claim and granted in part as to Plaintiff's claims for injunctive relief, violation of the UDTPA, civil conspiracy, fraud, unjust enrichment, and punitive

2

damages. Defendant Griesinger filed its "Limited Objection To Memorandum And Recommendation" (Document No. 32) on February 25, 2021, agreeing with the undersigned's recommendation to dismiss Plaintiff's six claims for injunctive relief, violation of the UDTPA, civil conspiracy, fraud, unjust enrichment, and punitive damages, but contending that the undersigned erred in recommending that Plaintiff's breach of contract claim should survive.

On March 26, 2021, Defendant Piedra filed a "Response In Opposition To Plaintiff's Statement Of Service Upon Defendant Lino J. Piedra And Motion To Dismiss Pursuant To Rule 12(b)(2), (b)(4), and/or (b)(5)" (Document No. 39), contending that he *still* had not been properly served and that the Court should thus dismiss all claims against him. On April 15, 2021, the undersigned issued a "Memorandum And Recommendation And Order," which relevantly ordered that the U.S. Marshals Service serve process on Defendant Piedra and recommended that Defendant Piedra's Motion to Dismiss be denied without prejudice, given that the previous "Memorandum And Recommendation" (Document No. 26) was still pending disposition by Judge Conrad and given the additional opportunity that the Court was granting Plaintiff to effectuate proper service of process upon Defendant Piedra. (Document No. 44). The Honorable Robert J. Conrad, Jr. adopted the undersigned's recommendation to deny Defendant Piedra's Motion to Dismiss without prejudice on May 4, 2021. (Document No. 46).

On April 20, 2021, Defendant Piedra was properly served. See (Document No. 47). On May 11, 2021, Piedra filed "Defendant Lino J. Piedra's Motion To Dismiss" (Document No. 48) and "Memorandum Of Law In Support Of Defendant Lino J. Piedra's Motion To Dismiss Complaint" (Document No. 49). On May 18, 2021, Plaintiff filed "Plaintiff's Motion In Opposition To Defendant Lino J. Piedra's Motion To Dismiss Complaint" (Document No. 51). On May 24, 2021, Defendant filed its "Reply In Support Of Defendant Lino J. Piedra's Motion To

Dismiss Complaint" (Document No. 52). Plaintiff filed a surreply without leave of Court – "Plaintiff's Response In Opposition To Defendant Lino J. Piedra's Reply In Support Of His Motion To Dismiss Complaint" (Document No. 54) – on June 3, 2021. <u>See</u> Local Rule 7.1(e) (prohibiting the filing of surreplies without leave of Court). The pending motion has now been fully briefed and is ripe for review and a recommendation to the presiding district judge.

## III. DISCUSSION

By the pending motion, Defendant Piedra seeks to dismiss all claims against him. Importantly, Piedra notes that "Plaintiff's claims are identical as to both [Griesinger Associates, Inc.] and Mr. Piedra…[f]or the sake of brevity, Mr. Piedra incorporates by reference each of the arguments set forth by [Griesinger] in its Memorandum of Law in support of its Motion to Dismiss…as if fully set forth herein." (Document No. 49, p. 4). The undersigned notes that as to each of the claims except for the breach of contract claim – the claims for injunctive relief, violation of the UDTPA, civil conspiracy, fraud, unjust enrichment, and punitive damages – Defendant Piedra agrees with the undersigned's reasoning in the February 11, 2021 Memorandum And Recommendation (Document No. 26). (Document No. 49, p. 5). As to the breach of contract claim, however, which was the only claim that the undersigned respectfully recommended survive as against Defendant Griesinger, Piedra asks that the Court dismiss that claim on the basis of its arguments set forth in Griesinger's Objection to the Memorandum and Recommendation (Document No. 32). (Document No. 49, p. 5).

Plaintiff asserts its seven claims against *both* Defendants Piedra and Griesinger. Furthermore, the undersigned finds that the legal analysis on each of these claims would be no different at this time with respect to Defendant Piedra as it was with respect to Defendant Griesinger. The undersigned therefore rests upon its recommendation and analysis in its earlier

4

Memorandum And Recommendation (Document No. 26). As to Piedra's request that the Court reconsider the breach of contract claim and now dismiss it, the undersigned finds that it would be premature to consider additional arguments contained in an Objection to the Memorandum And Recommendation until such time as the Honorable Robert J. Conrad, Jr. issues a decision on the pending Memorandum And Recommendation.

Therefore, the undersigned will respectfully recommend that Defendant Piedra's Motion to Dismiss be granted in part as to the claims for injunctive relief, violation of the UDTPA, civil conspiracy, fraud, unjust enrichment, and punitive damages and denied without prejudice in part as to the breach of contract claim.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Lino J. Piedra's Motion To Dismiss" (Document No. 48) be <u>denied without prejudice in part</u> and <u>granted in part</u>. Specifically, the undersigned recommends that Defendant Piedra's motion to dismiss be denied without prejudice as to Plaintiff's breach of contract claim but granted as to Plaintiff's claims for injunctive relief, violation of the North Carolina Unfair and Deceptive Trade Practices Act at N.C. Gen. Stat. § 75-1.1, civil conspiracy, fraud, unjust enrichment, and punitive damages.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and

Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: November 10, 2021

David C. Keesler
United States Magistrate Judge