UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00089-RJC-DCK

| | |
|---|---|
| MARIANO OSPINA, | ) |
| Plaintiff, | ) |
| v. | ) Order |
| GRIESINGER ASSOCIATES, INC. LINO J. PIEDRA, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendant Griesinger Associates, Inc.'s ("Griesinger") Motion to Dismiss (Doc. No. 15), Defendant Lino J. Piedra's ("Piedra") Motion to Dismiss, the Magistrate Judge's Memorandum and Recommendations ("M&R") on each motion to dismiss (Doc. Nos. 26 & 59), and the parties' objections to each M&R (Doc. Nos. 31, 32, 60, 61). For the reasons stated herein, the Court **ADOPTS** both of the Magistrate Judge's M&Rs.

I. BACKGROUND

A. Factual Background

Accepting the factual allegations in the Complaint as true, Plaintiff is the President and Chief Executive Officer of Ospina Coffee International, Corp. (the "Ospina Corporation") and owns the intellectual property for the Ospina Coffee brand. (Doc. No. 1 ¶ 1). Defendant Piedra is a successful businessman who Plaintiff has worked with on multiple business projects, and is the Executive Vice President of Defendant Griesinger (collectively, the "Defendants"). (*Id.* ¶¶ 2-3, 31-33).

Plaintiff and Defendants entered into a contract in the form of an Engagement Letter in July 2019, containing the terms agreed to by which Defendants would assist Plaintiff in selling his Ospina Coffee brand at the Tajan auction house in Paris, France, in the fall 2019 (the "Engagement Letter"). (*Id.* ¶¶ 8-10, 40, 42-43, Ex. 2). Under the terms, initially, the Engagement Letter required Plaintiff to pay a $10,000 retainer, and later, if successful, Defendants would also receive a 10% commission. (*Id.* ¶¶ 10-11, 38-39, Ex. 2). At the Defendants' insistence that the $10,000 retainer fee was required immediately, and before Piedra took a vacation to Canada, Plaintiff sold real estate worth $250,000 that he owned in Colombia to pay the $10,000 retainer. (*Id.* ¶¶ 14-16). Plaintiff ultimately paid the $10,000 retainer in three installments by early August 2019. (*Id.* ¶¶ 17-18, 43-45).

However, Piedra later informed Plaintiff that, according to his contact at the auction, French law prohibited the sale of intangible assets alone, such as a brand, and therefore that the auction could not be scheduled for the fall 2019. (*Id.* ¶ 49). Piedra suggested other ways Plaintiff could consider selling the Ospina Coffee brand to avoid the French law, such as creating a shell company to sell with it or also selling the Ospina Corporation with the brand, but Plaintiff chose not to pursue those alternatives. (*Id.* ¶¶ 49-50, 54). Plaintiff alleges Defendants did not perform as agreed to under the terms of the Engagement Letter, and requested a full refund of the $10,000 retainer he paid. (*Id.* ¶¶ 20-21, 56-58). Defendants refused to return the retainer. (*Id.*). Next, Ospina hired an attorney to assist with recovering the $10,000 retainer, but those attempts to recover the funds were also unsuccessful. (*Id.* ¶¶ 22-25, 59-61).

### B. Procedural Background

Plaintiff filed this action against Griesinger and Piedra on February 12, 2020, bringing claims for: (1) Breach of Contract; (2) Injunctive Relief; (3) Violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1; (4) Civil Conspiracy; (5) Fraud; (6) Unjust Enrichment; and (7) Punitive Damages. (*Id.* ¶¶ 62-93). The Complaint seeks a refund of

the $10,000 retainer, consequential damages, damages for lost business, attorney's fees, treble damages, and punitive damages. (*Id.* at 11).

Both Defendants filed separate motions to dismiss for failure to state a claim.[1] (Doc. Nos. 15-16, 48-19). The Magistrate Judge recommended the Court grant in part and deny in part the motions to dismiss, for the same reasons. Specifically, the Magistrate Judge recommended the Court dismiss all claims except Plaintiff's breach of contract claim. Plaintiff and Defendants each objected. (Doc. Nos. 31-32, 60-61).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fannie Mae v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief

---

[1] Griesinger filed its motion to dismiss before Piedra's motion to dismiss. Piedra initially filed a motion to dismiss for lack of service of process which was denied without prejudice to allow Plaintiff additional time to serve the Complaint. Once served, Piedra also filed his motion to dismiss for failure to state a claim.

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." *Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The Magistrate Judge recommended the Court dismiss all claims against both Defendants except Plaintiff's breach of contract claim. Plaintiff objects to the M&Rs' recommendations to dismiss his claim for fraud against both Defendants and his claim for punitive damages against Piedra. Defendants object to the M&Rs' recommendations to deny their request to dismiss Plaintiff's breach of contract claim.

As an initial matter, no party objected to the Magistrate Judge's recommendations that the Court grant both Defendants' motions to dismiss Plaintiff's claims for Injunctive Relief, Violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, Civil Conspiracy, and Unjust Enrichment. Additionally, no party objected to the Magistrate Judge's recommendations that the Court dismiss the Punitive Damages claim against Griesinger. This Court has conducted a full review of the M&Rs and documents of record, and having done so, the Court determines the Magistrate Judge's recommendations with respect to dismissal of those claims is in accordance with the law and should be adopted.

### A. Breach of Contract Claim

Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 530 S.E.2d 838, 845 (N.C. Ct. App. 2000). A valid contract requires offer, acceptance, consideration, and mutuality of assent of terms that are sufficiently definite to enable a court to enforce them. *Triad Packaging, Inc. v. SupplyONE, Inc.*, 925 F. Supp. 2d 774, 789 (W.D.N.C. 2013); *Cole v. Champion Enters.*, 496 F. Supp. 2d 613, 621 (M.D.N.C. 2007). To state a claim for breach of contract, plaintiff must allege a contractual obligation that has not been fulfilled by defendant. *Tasz, Inc. v. Indus. Thermo Polymers, Ltd.*, 80 F. Supp. 3d 671, 681 (W.D.N.C. 2015).

When a court "is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution." *Carolina First Bank v. Stambaugh*, No. 1:10cv174, 2011 WL 6217409, at *5 (W.D.N.C. Dec. 14, 2011). "The heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time." *Id.* (quoting *Gould Morris Elec. Co. v. Atl. Fire Ins. Co.*, 50 S.E.2d 295, 297 (1948). The court must first determine

whether the language of a contract is ambiguous. *Wachovia Bank Nat'l Ass'n v. Superior Constr. Corp.*, 718 S.E.2d 160, 165 (N.C. Ct. App. 2011). If a contract "is plain and unambiguous on its face" it may be interpreted as a matter of law and should be enforced as written. *Dockery v. Quality Plastic Custom Molding, Inc.*, 547 S.E.2d 850, 852 (N.C. Ct. App. 2001); *Wachovia Bank Nat'l Ass'n v. Superior Constr. Corp.*, 718 S.E.2d 160, 165 (N.C. Ct. App. 2011). Ambiguity exists when a contract is "fairly and reasonably susceptible to multiple constructions." *Wachovia Bank Nat'l Ass'n.*, 718 S.E.2d at 165. "The fact that a dispute has arisen as to the parties' interpretation of the contract is some indication that the language of the contract is, at best, ambiguous." *Dockery v. Quality Plastic Custom Molding, Inc.*, 547 S.E.2d 850, 852 (N.C. Ct. App. 2001); *Glover v. First Union Nat'l Bank of N.C.*, 428 S.E.2d 206, 209 (N.C. Ct. App. 1993).

Here, Plaintiff has alleged that a valid contract existed and it was breached. The Magistrate Judge recommended denial of Defendants' request to dismiss the breach of contract claim because there are disagreements between the parties about the Defendants' obligations under the Engagement Letter and whether they met the obligations. The Engagement Letter, attached to the Complaint, states Griesinger "will assist [Plaintiff] in arranging and facilitating the sale of certain brands . . . at an auction to be held by in [sic] Paris." (Doc. No. 1-1). Defendants argue this language is clear and unambiguous that Defendants were only required to assist with "arranging and facilitating" the sale of the Ospina Coffee brand, and that the facts alleged in the Complaint show sufficient actions on the part of Defendants to fulfill that obligation. On the other hand, Plaintiff argues this same provision of the Engagement Letter required actually taking the Ospina Coffee brand to auction in Paris, but agrees it did not guarantee a sale.

The Court concludes the Engagement Letter is not clear and unambiguous as to the meaning of the Defendants' obligation to "assist [Plaintiff] in arranging and facilitating the sale .

. . at an auction to be held by in [sic] Paris." Specifically, it is unclear what specific actions or steps the parties intended Defendants to take to meet this obligation and how this obligation would be met or not. The parties dispute whether the actions Plaintiff alleged Defendants took, without actually going to the auction in Paris, were sufficient to meet the obligations provided for by the Engagement Letter. Both parties interpretations are reasonable here. Therefore, at the motion to dismiss stage, Plaintiff's breach of contract claim will not be dismissed.

### B. Fraud Claim

Under North Carolina law, a fraud claim requires "(1) a false representation or concealment of a material fact (2) that is reasonably calculated to deceive (3) made with intent to deceive (4) which does in fact deceive and (5) results in damage to the injured party." *Charlotte Motor Speedway, LLC v. Cty. of Cabarrus*, 748 S.E.2d 171, 178 (N.C. Ct. App. 2013). Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The Fourth Circuit has held that "the circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *McCauley v. Home Loan Inv. Bank*, 710 F.3d 551, 559 (4th Cir. 2013) (quotation marks omitted).

Additionally, the "mere failure to carry out a promise in contract does not support a tort action for fraud." *Broussard v. Meineke Discount Muffler*, 155 F.3d 331, 346 (4th Cir. 1998). "[W]here a plaintiff does nothing more than assert that a promissor never intended to honor its obligations under an agreement, dismissal [of the fraud claim] as a matter of law is appropriate" because "failure to perform a promise can be the basis for fraud only where there is evidence the promisor had a specific intent not to perform at the time a promise was made*." Carolina Power &*

*Light Co. v. Aspect Software, Inc.*, 5:08-CV-00449-BO, 2009 WL 256332, at *2 (E.D.N.C. Feb. 3, 2009) (quotations and citations omitted).

Plaintiff's fraud claim as set forth in the Complaint alleges Defendants advised Plaintiff that his coffee brand could be sold at the Paris action for a certain price when ultimately it could not be sold alone due to French law. The Magistrate Judge recommended dismissing this claim because it centered on a breach of contract and did not meet the pleading standard. Plaintiff's objection largely asserts new facts, not pled in the Complaint, to support his theory of fraud. Specifically, his objection now appears for the first time to allege Defendants knew prior to entering into the Engagement Letter that selling the Ospina Coffee brand at the auction in Paris was impossible because of French law, but represented otherwise to Plaintiff in order to obtain the $10,000 retainer for his upcoming vacation to Canada, and that Plaintiff in relying on Defendants' misrepresentations, sold his real estate and paid the $10,000 retainer.

The Complaint does not allege any of these entirely new factual allegations stated in the objection, and the Court will not consider those facts for purposes of determining whether the Complaint states a claim for fraud. Plaintiff's claim, as pled, centers around and is based on the same set of facts as his breach of contract claim. Furthermore, the Complaint does not plead with any particularity the specific misrepresentations Defendants made to Plaintiff, other than that generally Defendants failed to comply with their obligations under the contract. Therefore, Plaintiff's claim for fraud will be dismissed.[2]

---

[2] As noted, Plaintiff's objection does allege new, different, and more particularized factual allegations to support a claim for fraud such that this dismissal is without prejudice for Plaintiff to seek leave to amend him Complaint. To be clear, the Court is not stating that the facts alleged in Plaintiff's objection are sufficient to assert a claim for fraud nor is the Court considering or granting, without motion, leave to amend the Complaint, which would only be considered by the Court on a separate motion for leave to amend as required by Local Rule 7.1(C)(2). Plaintiff filed

### C. Punitive Damages Claim as to Piedra

Under North Carolina law, there is not an independent cause of action for punitive damages. *Hawkins v. Hawkins*, 400 S.E.2d 472, 475 (N.C. Ct. App. 1991); *Levy v. Infilaw Corp.*, No. 3:17-CV-00026-GCM, 2017 WL 3573825, at *6 (W.D.N.C. Aug. 17, 2017) (dismissing punitive damages claim because it is not a stand-alone cause of action). Rather, punitive damages are a remedy that depend on the success of plaintiff's independent causes of actions. *Taylor v. Bettis*, 976 F. Supp. 2d 721, 747 (E.D.N.C. 2013). Pursuant to statute, punitive damages cannot be awarded solely for breach of contract. N.C. Gen. Stat. § 1D-15; *New Hickory Pizza, Inc. v. TIG Ins. Co.*, No. 5:16-cv-00164-RLV-DSC, 2017 WL 3840278 at *13 (W.D.N.C. 2017).

Here, the Complaint brings a separate claim for punitive damages. However, punitive damages is a remedy rather than a claim and dependent on Plaintiff's other claims. The only claim remaining is a breach of contract claim for which punitive damages may not be awarded. Therefore, Plaintiff's claim for punitive damages will be dismissed.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&Rs are **ADOPTED** (Doc. Nos. 26 & 59);

2. Defendant Griesinger Associates Inc.'s Motion To Dismiss (Doc. No. 15) is **DENIED IN PART** and **GRANTED IN PART**, specifically it is denied as to Count I breach of contract claim, and granted as to the remaining Counts; and

3. Defendant Lino J. Piedra's Motion To Dismiss (Doc. No. 48) is **DENIED IN**

---

two prior motions for leave to amend the Complaint in this case, which were both denied by the Magistrate Judge, not on the merits, but pending this Court's ruling on the motions to dismiss and M&Rs.

**PART** and **GRANTED IN PART**, specifically it is denied as to Count I breach of contract claim, and granted as to the remaining Counts.

Signed: December 30, 2021

Robert J. Conrad, Jr.
United States District Judge